was the act of both or all, and each is responsible for the act of the other. See Mitchell v. State, 36 Tex. Cr. R. 278.

Believing that the proper disposition of the case was made on the original submission, appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

C. C. MUNDEN V. THE STATE.

No. 21673. Delivered June 25, 1941.

The opinion states the case.

*Harvey P. Shead,* of Longview, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was duly convicted of the offense of burglary by a jury in Gregg County.

The indictment sets out a number of previous offenses as a proper basis for alleging that appellant was an habitual criminal. The jury returned its verdict finding him guilty on the second count of the indictment and judgment was entered assessing his punishment as life imprisonment.

The record is before us without statement of facts and bills of exception. The procedure appears to be regular.

The judgment of the trial court is affirmed.

L. A. ROGERS V. THE STATE.

No. 21680. Delivered June 25, 1941.

The opinion states the case.

*B. F. Whitworth* and *S. I. Cornett*, both of Linden, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by indictment with the theft of two bales of cotton and assessed a penalty of two years in the penitentiary.

The evidence shows that W. O. Betts, a ginner at Marietta in Cass County, lost two bales of cotton from his gin, each belonging to different customers. He learned on Saturday that